| | AUSA: | Rawsthorne | Telephone: | (810) 766-5177 |
|---|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | Inspector: | Brown | Telephone: | (313) 647-1909 |

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America

v.

Cory Parker,

Case: 4:19-mj-30470
Judge: Davis, Stephanie Dawkins
Filed: 09-04-2019 At 04:20 PM
CMP USA v PARKER (sk)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ September 4, 2019 _____ in the county of _____ Genesee _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1) | Attempted possession with intent to distribute fentanyl and 500 grams or more of methamphetamine |

This criminal complaint is based on these facts:

On or about September 4, 2019, the defendnat, Cory Parker, attempted to possess with intent to distribute 500 grams or more of methamphetamine and fentanyl in the Eastern District of Michigan.

☑ Continued on the attached sheet.

_____
Complainant's signature

Andre Brown, Postal Inspector, USPS
Printed name and title

Sworn to before me and signed in my presence.

Date:  September 4, 2019

_____
Judge's signature

City and state:  Flint, MI

Michael Hluchaniuk, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

1.     The Affiant, Andre Brown, is a U. S. Postal Inspector with the U. S. Postal Inspection Service and has been so employed since January 2007. I attended the United States Postal Inspection Service Basic Training Academy where I have received training in the detection and investigation of prohibited mailing offenses. I am currently assigned to the Detroit Multi-Functional Team to work a miscellaneous assignment to include Prohibited Mailings - Narcotics investigations. The Detroit Multi-Functional Team has intercepted numerous parcels which were found to contain narcotics or proceeds of narcotics trafficking and other criminal activity. As part of my duties, I investigate incidents wherein the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine and heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 843(b), and substances mailed in violation of Title 18, United States Code, Section 1716.

2.     Based on the facts below, I believe that there is probable cause that Cory Parker has violated 21 U.S.C. § 846 and 841(a), attempted possession with intent to distribute fentanyl and 500 grams or more of methamphetamine.

3.     On or around August 23, 2019, I received notification that a parcel(s) containing five pounds of methamphetamine was en route to the Flint area that had been mailed from the Greater Los Angeles, CA area. There was no physical address given.   On August 30, 2019, Detroit Division Postal inspectors intercepted three parcels at a mail processing plant in Allen Park, MI. All three parcels were intended to be delivered in Flint, Michigan, with

two parcels intended for one address and one for another. The addresses were within a short distance of one another.

4.      I received a search warrant to search the Flint-bound parcels described above and they contained a total of 4713.9 grams of a substance containing methamphetamine between two boxes, with a third box containing over 300 grams of fentanyl. All three boxes field tested positive for the respective controlled substances.

5.      On September 4, 2019, an undercover U.S. Postal Inspector, posing as a U.S. Postal Service Mail Carrier, delivered the subject parcels at close to the same time in Flint, Michigan. The packages contained non-controlled substances meant to resemble fentanyl and methamphetamine, respectively, to the two addresses.

6.      An individual later identified as Cory Parker, was observed picking up two packages (one containing imitation fentanyl and the other containing imitation methamphetamine) from an unknown female at the first delivery location. He then walked eastbound, and was later observed in a car driving to the location of the second address, where Parker was observed by law enforcement pulling into the driveway and picking up the package at the second address.

7.      Law enforcement followed Parker and conducted a traffic stop, wherein Parker had the three packages on the front seat passenger side and floor of the car.

8.      I believe that because Parker parked away from the first house and took the packages out of another individual's hands, picked up all three packages containing controlled substances, and given the amount of the controlled substances, that Parker knew that the packages contained controlled substances. Based on my conversations with other narcotics officers, I estimate that the methamphetamine is valued at least $25,000 and approximately $22,000 worth of fentanyl, with a far greater value when packaged for individual sale. This amount is consistent with an intent to deliver in my opinion and not personal use.

9.      I believe that based on the facts above, there is probable cause that Parker attempted to possess with intent to distribute 500 grams or more of methamphetamine.

Andre D. Brown
Postal Inspector

Subscribed and sworn to before me, this ____day of September, 2019.

Michael Hluchaniuk
United States Magistrate Judge